## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jaleelah Ahmed,
     Plaintiff,

v.

SCHOOL DISTRICT OF THE CITY
OF HAMTRAMCK, EVAN MAJOR,
personally and in his official capacity,
SALAH HADWAN, personally and
in his official capacity, MOORTADHA
OBAID, personally and in his official
capacity, SHOWCAT CHOWDHURY,
personally and in his official capacity,
REGAN WATSON, personally and in
her official capacity, and the
HAMTRAMCK FEDERATION
TEACHERS (AFL-CIO), jointly and
severally.

     Defendants,

Case No. 2:22-cv-11127
Hon. Gershwin A. Drain
Magistrate Judge: Curtis Ivey, Jr.

/

| | |
|---|---|
| **EDUCATORS LEGAL SERVICES PLLC** | **CLARK HILL PLC** |
| **Robert A. Lusk (38122)** | **Anne-Marie Vercruysse Welch (P70035)** |
| 9070 Campbell Creek Dr. | 151 S. Old Woodward Ave. Ste, 200 |
| Commerce Township, MI | Birmingham, MI 48009 |
| rlusk@educatorslegalservices.com | (248) 988-1810 |
| Attorney for Plaintiff | AWelch@ClarkHill.com |
| | |
| | **Stephanie V. Romeo (P83079)** |
| | 500 Woodward Ave., Suite 3500 |
| | Detroit, MI 48226 |
| | (313) 309-4279 |
| | sromeo@clarkhill.com |

Attorneys for all Defendants except
Hamtramck Federation of Teachers
(AFL-CIO)

**Mark H. Cousens (P12273)**
26261 Evergreen Road, Suite 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com

Attorneys for Defendant Hamtramck
Federation Teachers, only

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

Defendants, School District of the City of Hamtramck ("SDCH"), Evan Major, Salah Hadwan, Moortadha Obaid, Showcat Chowdhury, and Regan Watson (collectively referred to as "Defendants") by their attorneys, Clark Hill PLC, file this Motion to Dismiss because Plaintiff has failed to state claims under which relief can be granted under Fed. R. Civ. P. 12(b)(6). For these reasons, and the reasons set forth more fully in the attached Brief in Support of Motion, Plaintiff's Complaint should be dismissed.

1.  Placing a school administrator on paid leave with full benefits IS NOT an adverse action to establish a claim for discrimination under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("Rehab Act"), Michigan's

Persons with Disabilities Civil Rights Act ("PWDCRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA").  Any such claim must be dismissed.

2.      Plaintiff fails to state a claim under the ADA, the Rehab Act, the PWDCRA, Title VII, and the ELCRA because she has suffered no adverse action.

3.      Plaintiff fails to state a claim for retaliation because Plaintiff has not established a causal connection between her protected activity and the alleged retaliation.

4.      Plaintiff's Complaint does not establish a violation of the Due Process Clause of the United States or Michigan Constitutions because she remains employed on paid leave with full benefits.

5.      Plaintiff fails to state a claim for intentional interference with contractual relations where she remains employed by the SDCH.

6.      Plaintiff fails to state a claim of defamation where Plaintiff's Complaint lacks specificity surrounding the alleged defamatory statements, including the context, speakers, and publication of the statements, the alleged defamatory statements consist of opinions, and Plaintiff's Complaint contains no facts establishing the alleged defamatory statements were made with actual malice.

7.    Plaintiff has not pled civil conspiracy as a cause of action, but any claim for civil conspiracy cannot survive this Motion to Dismiss as Plaintiff's Complaint lacks facts to establish the underlying elements of such a claim.

8.    Plaintiff's pendent state law claims must be dismissed because she has suffered no adverse action and no federal claims survive.

9.    Defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); 28 U.S.C. § 1927; and 42 U.S.C. § 1988 because Plaintiff and her counsel have filed a vexatious and non-meritorious claim.

10.   Counsel for Defendants sought but did not receive concurrence in the relief requested in this Motion from counsel for Plaintiff.

## CONCLUSION

Defendants request that this Honorable Court grant their Motion to Dismiss, dismiss Plaintiff's Complaint in its entirety with prejudice, award Defendants their costs and attorney fees pursuant to 42 U.S.C. § 1988(b); 28 U.S.C. § 1927; and 42 U.S.C. § 2000 e-5(k), and grant any other relief this Court deems equitable.

Respectfully submitted,

CLARK HILL PLC

Dated: August 26, 2022     By:    /s/ *Anne-Marie Vercruysse Welch*
                                   Anne-Marie Vercruysse Welch (P70035)
                                   Attorneys for all Defendants except
                                   Hamtramck Federation of Teachers (AFL-CIO)

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By:     */s/ Anne-Marie Vercruysse Welch*

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jaleelah Ahmed,

     Plaintiff,

v.

SCHOOL DISTRICT OF THE CITY
OF HAMTRAMCK, EVAN MAJOR,
personally and in his official capacity,
SALAH HADWAN, personally and
in his official capacity, MOORTADHA
OBAID, personally and in his official
capacity, SHOWCAT CHOWDHURY,
personally and in his official capacity,
REGAN WATSON, personally and in
her official capacity, and the
HAMTRAMCK FEDERATION
TEACHERS (AFL-CIO), jointly and
severally.

     Defendants,

Case No. 2:22-cv-11127
Hon. Gershwin A. Drain
Magistrate Judge: Curtis Ivey, Jr.

_____/

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**
## **PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

Index of Authorities ....................................................................................................... III

Issues Presented .......................................................................................................... VII

Controlling Authorities ................................................................................................. IX

Undisputed Background Facts ......................................................................................... 1

Argument ......................................................................................................................... 3

I.      LEGAL STANDARD ................................................................................................ 3

II.     PLAINTIFF HAS SUFFERED NO ADVERSE ACTION AND CANNOT ESTABLISH
DISCRIMINATION OR RETALIATION ....................................................................... 4

        Plaintiff's Complaint Fails to Allege Facts Establishing a Causal Connection Between
Protected Activity and Alleged Retaliation .......................................................... 9

III.    PLAINTIFF CANNOT ESTABLISH A VIOLATION OF THE DUE PROCESS CLAUSE OF THE
UNITED STATES OR MICHIGAN CONSTITUTION .................................................... 11

        Because Plaintiff Was Placed on Administrative Leave With Pay, She Was Not Entitled
to Any Particular Due Process ............................................................................ 11

        Defendants Are Entitled to Qualified Immunity With Respect to Alleged Due Process
Violations of the United States Constitution ....................................................... 13

IV.    PLAINTIFF HAS FAILED TO ESTABLISH INTENTIONAL INTERFERENCE WITH CONTRACTUAL
RELATIONS ......................................................................................................... 14

V.     PLAINTIFF HAS FAILED TO STATE A CLAIM OF DEFAMATION ............................ 15

VI.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CIVIL CONSPIRACY ................ 19

        Plaintiff Fails to State a Claim for Conspiracy Under Michigan Law ............................ 20

        Plaintiff Fails to State a Claim for Conspiracy Under Federal Law ................................ 21

        The Intra-Corporate Conspiracy Doctrine Bars Defendants' Claims ............................ 22

VII.   THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS ..................... 23

VIII.  DEFENDANTS ARE ENTITLED TO FEES AND COSTS UNDER 42 U.S.C. § 1988, 42 U.S.C. §
2000E-5(K), AND 28 U.S.C. § 1927 ................................................................... 23

CONCLUSION ................................................................................................................ 25

# INDEX OF AUTHORITIES

CASES

*Adamo Demolition Co. v. Int'l Union of Operating Engineers Loc. 150*
   439 F. Supp. 3d 933 (E.D. Mich. 2020) ------------------------------------------------------------16

*Adamo Demolition Co. v. Int'l Union of Operating Engineers Loc. 150*
   AFL-CIO, 3 F.4th 866 (6th Cir. 2021) ---------------------------------------------------------17

*Admiral Ins. Co. v. Columbia Cas. Ins. Co.*
   194 Mich. App. 300, 313, 486 N.W.2d 351 (1992) --------------------------------------20

*Agrawal v. Montemagno*
   574 F. App'x 570 (6th Cir. 2014) ----------------------------------------------------------- 8

*Agrawal v. Univ. of Cincinnati*
   977 F. Supp. 2d 800 (S.D. Ohio 2013) --------------------------------------------------- 8

*Ashcroft v. Iqbal*
   556 U.S. 662; 129 S. Ct. 1937 (2009) ---------------------------------------------- 3, 4, 6

*Barbour v. City of Detroit*
   2021 WL 5504194, at *7 (Mich. App. 2021) -----------------------------------------20

*Bassett v. National Collegiate Athletic Assoc.*
   528 F.3d 426 (6th Cir. 2008) ----------------------------------------------------------- 4

*Bd. of Regents of State Colleges v. Roth*
   408 U.S. 564 (1972) --------------------------------------------------------------------12

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 545; 127 S.Ct. 1955 (2007) ---------------------------------------- 3, 4, 6

*Bidasaria v. Cent. Michigan Univ.*
   No. 10-15079, 2012 WL 3077211, at *7 (E.D. Mich. July 30, 2012) ----------------------------24

*Burlington Indus. v. Ellerth*
   524 U.S. 742 (1998) --------------------------------------------------------------- 8

*Christiansburg Garment Co. v. EEOC*
   434 U.S. 412, 421; 985 S. Ct. 694 (1978) ------------------------------------------24

*Cleveland Bd. Of Educ v. Loudermill*
   470 U.S. 532 (1985) --------------------------------------------------------------12

*CRST Van Expedited, Inc. v. EEOC*
   136 S.Ct. 1642; 194 L. Ed.2d 707 (2016) ------------------------------------------24

*Cunningham v. Blackwell*
   41 F.4th 530 (6th Cir. 2022) ----------------------------------------------------- 12, 13

*DiCarlo v. Potter*
   358 F.3d 408 (6th Cir. 2004). ---------------------------------------------------- 5

*Ehrlich v. Kovack*
   710 F.App'x 646 (6th Cir. 2017) ------------------------------------------------- 6

*Eidson v. State of Tenn. Dep't of Children's Servs.*
   510 F.3d 631 (6th Cir. 2007) ---------------------------------------------------- 4

*Evans v. Univ. of Michigan Hosp.*
   No. 16-10770, 2017 WL 1382295, at *4 (E.D. Mich. Apr. 14, 2017) ----------------------------23

*Farhat v. Jopke*
 370 F.3d 580 (6th Cir. 2004) --------------------------------------------------------------20
*Fisher v. Detroit Free Press, Inc.*
 158 Mich. App. 409, 413, 404 N.W.2d 765 (1987) ----------------------------------------17
*Gardner v. Wayne Cnty.*
 520 F. Supp. 2d 858 (E.D. Mich. 2007)--------------------------------------------------- 5
*Gilbert v. Homar*
 520 U.S. 924 (1997) ------------------------------------------------------------------12
*Harris v. Detroit Pub. Schools*
 245 F. App'x 437 (6th Cir. 2007)---------------------------------------------------------- 6
*Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*
 35 F.4th 437 (6th Cir. 2022) -----------------------------------------------------------13
*Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*
 706 N.W.2d 843 (2005) ---------------------------------------------------------------14
*Hedrick v. W. Rsrv. Care Sys.*
 355 F.3d 444 (6th Cir. 2004) ----------------------------------------------------------- 5
*Hope-Jackson v. Washington*
 311 Mich. App. 602 (2015) -------------------------------------------------------------19
*Hughes v. Henry Ford Health Sys.*
 No. 17-10436, 2018 WL 3956362, at *6 (E.D. Mich. Aug. 17, 2018) ---------------------- 5
*Hurtt v. Int'l Servs., Inc.*
 627 Fed. Appx. 414 (6th Cir. 2015) ----------------------------------------------------- 9
*Interquim, S.A. v. Berg Imports, LLC*
 2022 WL 790802, at *6 (E.D. Mich., 2022)----------------------------------------------14
*Jackson v. City of Columbus\*
 194 F.3d 737 (6th Cir. 1990) -----------------------------------------------------------11
*Jackson v. City of Highland Park*
 2015 WL 3409013 (May 27, 2015)-------------------------------------------------------21
*Johnson v. Hills & Dales Gen. Hosp.*
 40 F.3d 837 (6th Cir. 1994) ------------------------------------------------------------23
*Johnson v. Univ. of Cincinnati*
 215 F.3d 561 (6th Cir. 2000) ----------------------------------------------------5, 9, 11
*Kaplan v. Univ. of Louisville*
 10 F.4th 569 (6th Cir. 2021) -----------------------------------------------------------12
*Kerrigan v. ViSalus, Inc.*
 112 F. Supp.3d 580, 616 (E.D. Mich. 2015); app den. 442 Mich 917 (1993) -------------------20
*Keys v. Humana, Inc.*
 684 F.3d 605 (6th Cir. 2012) ----------------------------------------------------------- 6
*Kuhn v. Washtenaw Cnty.*
 709 F.3d 612 (6th Cir. 2013) ----------------------------------------------------------- 7
*Ledl v. Quik Pik Food Stores, Inc.*
 133 Mich. App. 583, 589–590, 349 N.W.2d 529 (1984) ----------------------------------17
*Mayberry v. Von Valtier*
 843 F. Supp. 1160 (E.D. Mich. 1994) ---------------------------------------------------- 5

iv

*Michael v. Caterpillar Fin. Servs. Corp.*
  496 F.3d 584 (6th Cir. 2007) --------------------------------------------------------- 7, 8
*Milkovich v. Lorain Journal Co.*
  497 U.S. 1, 20-21 (1990) ----------------------------------------------------------------16
*NM Holdings Co. LLC  v. Deloitte & Touche, LLP*
  622 F.3d 613 (6th Cir. 2010) -------------------------------------------------------- 3, 6
*Ortega v. U.S. Immigr. & Customs Enf't*
  737 F.3d 435 (6th Cir. 2013) -----------------------------------------------------------13
*Peltier v. United States*
  388 F.3d 984 (6th Cir. 2004) ------------------------------------------------------------ 6
*Reighard v. ESPN, Inc.*
  2022 WL 1513112, at *9 (Mich. App., 2022)----------------------------------------------19
*Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*
  197 Mich. App. 48, 53, 495 N.W.2d 392 (1992) -----------------------------------------16
*Seaton v. TripAdvisor LLC*
  728 F.3d 592 (6th Cir. 2013) -----------------------------------------------------------16
*Sensabough v. Halliburton*
  937 F.3d 621 (6th Cir. 2019) ------------------------------------------------------------ 6
*Smith v. Jefferson Cnty. Bd. Of Sch. Comm'rs.*
  641 F.3d 197 (6th Cir. 2011) -----------------------------------------------------------12
*Sudden Serv., Inc. v. Brockman Forklifts, Inc.*
  647 F. Supp. 2d 811 (E.D. Mich. 2008)--------------------------------------------------21
*Sweigert v. Cable News Network, Inc.*
  No. 20-CV-12933, 2022 WL 842322, at *6 (E.D. Mich. Mar. 21, 2022) app dismissed 2022
  WL 2203530 (6th Cir. 2022)  ------------------------------------------------------- 17, 18
*Thomas M. Cooley Law Sch. v. Doe*
  300 Mich. App. 245, 833 N.W.2d 331, 341 (2013) ------------------------------------------15
*Urbain v. Beierling*
  301 Mich. App. 114, 132, 835 N.W.2d 455 (2013) -------------------------------------------20
*Weberg v. Franks*
  229 F.3d 514 (6th Cir. 2000) ------------------------------------------------------------ 9
*White v. Burlington N. & Santa Fe Ry. Co.*
  364 F.3d 789 (6th Cir. 2004) --------------------------------------------------------8, 10
*Yeary v. Goodwill Indus.-Knoxville, Inc.*
  107 F.3d 443 (6th Cir. 1997) ------------------------------------------------------------ 4
*Young v. CSL Plasma, Inc.*
  No. 15-cv-10080, 2016 WL 1259103, at *2-*5 (E.D. Mich. 2016)--------------------------- 6

S<small>TATUTES</small>

42 U.S.C. § 1983 ----------------------------------------------------------------- 20, 21
42 U.S.C. § 2000 ---------------------------------------------------------------------- 4
42 U.S.C. § 2000 e(5)(k) ----------------------------------------------------------------25

v

<u>RULES</u>

Fed. R. Civ. P. 12------------------------------------------------------------------------------------- 3, 4
Fed. R. Civ. P. 12(b)(6)-------------------------------------------------------------------------------2, 18

vi

**ISSUES PRESENTED**

I.    Has Plaintiff failed to state a claim for which relief can be granted in Counts I through III  and Counts VI through IX alleging discrimination because Plaintiff has not been terminated and did not suffer an adverse action sufficient to support a claim when she has been placed on paid administrative leave with full benefits?

Defendants answer Yes.

II.    Has Plaintiff failed to state a claim for which relief can be granted in Counts IV and V alleging retaliation because Plaintiff has not established a causal connection between her protected activity and the alleged retaliation?

III.    Has Plaintiff failed to state a claim for violation of the Due Process Clause of the United States and Michigan Constitutions in Counts X and XI because Plaintiff has not been terminated and remains on paid administrative leave with full benefits and thus is not entitled to any particular due process?

Defendants answer Yes.

IV.    Has Plaintiff failed to state a claim for intentional interference with contractual relations in Count XII where Plaintiff remains employed by the SDCH on paid administrative leave?

Defendants answer Yes.

V.    Has Plaintiff failed to state a claim for defamation in Count XIII where Plaintiff's Complaint lacks specificity surrounding the alleged defamatory statements, including the context, speakers, and publication of the statements, the alleged defamatory statements consist of opinions, and Plaintiff's Complaint contains no facts establishing the alleged defamatory statements were made with actual malice?

Defendants answer Yes.

VI.     Has Plaintiff failed to state a claim for civil conspiracy where it was not pled as a Cause of Action or with any specificity?

Defendants answer Yes.

VII.    Must Plaintiff's pendent state law claims be dismissed because she has suffered no adverse action and no federal claims survive.

Defendants answer Yes.

VIII.   Are Defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); 28 U.S.C. § 1927, and 42 U.S.C. § 1988 because Plaintiff and her counsel have filed a vexatious and non-meritorious claim.

Defendants answer Yes.

## <u>CONTROLLING AUTHORITIES</u>

- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
- *Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008)
- *Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004)
- *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572, 578 (6th Cir. 2000)
- *Gardner v. Wayne Cnty.*, 520 F. Supp. 2d 858, 863 (E.D. Mich. 2007)
- *Hughes v. Henry Ford Health Sys.*, No. 17-10436, 2018 WL 3956362, at *6 (E.D. Mich. Aug. 17, 2018)
- *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1164-66 (E.D. Mich. 1994).
- *Young v. CSL Plasma, Inc.*, No. 15-cv-10080, 2016 WL 1259103, at *2-*5 (E.D. Mich. 2016)
- *Sensabough v. Halliburton,* 937 F.3d 621 (6th Cir. 2019);
- *Harris v. Detroit Pub. Schools,* 245 F. App'x 437, 443 (6th Cir. 2007)
- *Kuhn v. Washtenaw Cnty.,* 709 F.3d 612, 625 (6th Cir. 2013)
- *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007)
- *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004) (en banc), *aff'd*, 548 U.S. 53 (2006).
- *Agrawal v. Univ. of Cincinnati,* 977 F. Supp. 2d 800, 823 (S.D. Ohio 2013)
- *Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1990),
- *Cunningham v. Blackwell*, 41 F.4th 530, 536 (6th Cir. 2022)
- *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 581–84 (6th Cir. 2021) [maybe remove]
- *Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 448 (6th Cir. 2022)
- *Interquim, S.A. v. Berg Imports, LLC,* 2022 WL 790802, at *6 (E.D. Mich., 2022)
- *Thomas M. Cooley Law Sch. v. Doe*, 300 Mich. App. 245, 833 N.W.2d 331, 341 (2013).
- *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 597 (6th Cir. 2013)
- *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20-21 (1990)).
- *Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *6 (E.D. Mich. Mar. 21, 2022) (J. Drain), *appeal dismissed*, No. 22-1226, 2022 WL 2203530 (6th Cir. May 26, 2022)

- *Hope-Jackson v. Washington*, 311 Mich. App. 602 (2015)
- *Reighard v. ESPN, Inc.*, 2022 WL 1513112, at *9 (Mich. App., 2022)
- *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).
- *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351 (1992);
- *Urbain v. Beierling*, 301 Mich. App. 114, 132, 835 N.W.2d 455 (2013)
- *Jackson v. City of Highland Park*, 2015 WL 3409013 (May 27, 2015) [for sure]
- *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994).
- *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421; 985 S. Ct. 694 (1978)

x

## **UNDISPUTED BACKGROUND FACTS**

Plaintiff is the Superintendent for the School District of the City of Hamtramck ("SDCH" or "Hamtramck Schools") and the Hamtramck Schools' Chief Administrative Officer pursuant to a contract for the period of July 1, 2021 to June 30, 2024. *[ECF No. 1, Page ID.5, ¶ 21].* On or about October 10, 2021, Plaintiff notified the Board of Education ("Board") she would be taking a medical leave until January 10, 2022. *[ECF No. 1, PageID.11, ¶ 40].* Plaintiff issued a letter to the Hamtramck Community citing her need to address her "own personal well-being" as the reason for the leave and stating that the Board would appoint an interim superintendent "who will have the full support of the entire team at Hamtramck Public Schools." *[Ex. 1].* [1]

On October 13, 2021, the Hamtramck Board issued a letter to the Hamtramck Public Schools Community advising that the "Board must appoint a person or persons to *temporarily* perform the duties of the Superintendent until the Board can determine whether a long term solution is necessary." (emphasis added) *[Ex. 2].* The SDCH granted Plaintiff's requested leave. *Id.* Given her absence, the SDCH

---

[1] Facts not specifically alleged by Plaintiff's Complaint are supported by public records or arise directly from the facts alleged by Plaintiff. *See* Section I for legal authority permitting the use of such records for a motion to dismiss.

appointed two interim acting superintendents, Sherry Lynem and Nabil Nagi. *[ECF No. 1, PageID.11-12, ¶ 41(A)(1)]*.

On December 23, 2021, Plaintiff notified the SDCH that she planned to return from her medical leave of absence on January 3, 2022. *[ECF No. 1, PageID.13, ¶ 42]*. On December 29, 2021, the SDCH advised Plaintiff that she was being placed on paid administrative leave with full benefits pending the investigation of alleged misconduct. *[ECF No. 1, PageID.13 ¶ 43; Ex. 3]*.  Plaintiff misleads this Court by not outwardly admitting that she remains on paid administrative leave with full benefits and her contract remains in effect; however, Plaintiff's relief requested is for an injunction prohibiting Defendants from terminating her employment in breach of her contract, and, "*if* Defendants succeed in terminating her employment," back-pay and front-pay, plus the value of any benefits she would have received if she was not terminated. (emphasis added) *[ECF No. 1, PageID.37]*. As such, Plaintiff admits she is still employed.

On January 4, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *[ECF No. 1, PageID.14, ¶ 45]*. The Charge was filed one day *after* Plaintiff was placed on paid administrative leave. *Id.*

Plaintiff subsequently filed this action claiming discrimination in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("Rehab Act"),

2

Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); retaliation in violation of the ADA, Rehab Act, PWDCRA, and Title VII; violation of the Due Process Clause of the United States and the Michigan Constitutions; and Intentional Interference with Contractual Relations and Defamation under state law.

## ARGUMENT

### I.   LEGAL STANDARD

A Rule 12 motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the allegations in a light most favorable to Plaintiff to determine whether the Complaint states a valid claim for relief. *In re NM Holdings Co. LLC  v. Deloitte & Touche, LLP,* 622 F.3d 613, 618 (6th Cir. 2010).  A claim must be dismissed for failure to state a claim unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id. at 570; Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

3

unlawfully." *Ibid.* If plaintiffs do "not nudge [] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570.   On a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as factual allegation." *Id.* at 555. In sum, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

When resolving a motion to dismiss pursuant to Rule 12, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *Yeary v. Goodwill Indus.-Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir. 1997) (finding extrinsic materials may be considered by a court if they "filled in the contours and details" of a complaint).

## II.   PLAINTIFF HAS SUFFERED NO ADVERSE ACTION AND CANNOT ESTABLISH DISCRIMINATION OR RETALIATION

The court's analysis in determining the merits of Plaintiff's discrimination and retaliation claims under the ADA, Rehab Act, PWDCRA, Title VII, and ELCRA (Counts I-IX) is similar. Under each of these statutes, Plaintiff bears the burden of

4

establishing a *prima facie* case of discrimination or retaliation. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Regardless of whether Plaintiff introduces direct evidence of discrimination or retaliation, Plaintiff must show she suffered some adverse employment action.[2] *See Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004) (plaintiff must show "adverse employment action" to establish a *prima facie* case under the ADA)[3]; *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572, 578 (6th Cir. 2000) (adverse action is a required element to establish *prima facie* Title VII discrimination or retaliation); *Gardner v. Wayne Cnty.*, 520 F. Supp. 2d 858, 863 (E.D. Mich. 2007) (adverse action is a required element to establish *prima facie* ELCRA discrimination or retaliation, even where the plaintiff introduces direct evidence); *Hughes v. Henry Ford Health Sys.*, No. 17-10436, 2018 WL 3956362, at *6 (E.D. Mich. Aug. 17, 2018) *[Ex. 5]* (adverse action is a required element to establish *prima facie* ADA and PWDCRA discrimination and retaliation).

---

[2] Although Counts II and IV of Plaintiff's Complaint address the SDCH's obligations under the law as a "local government" as opposed to an employer, Plaintiff alleges the discrimination committed by SDCH under these causes of action relates to her employment as it is based on the SDCH's decision not to return Plaintiff to work at the end of her medical leave. As such, the Court's analysis under Counts I and II is similar such that Plaintiff must establish an adverse action related to her employment.

[3] Plaintiff must show an adverse action to establish discrimination and retaliation under the Rehab Act. Courts analyze claims under the Rehab Act and ADA together. *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1164-66 (E.D. Mich. 1994).

While a plaintiff is not required to plead facts to establish a *prima facie* case at the motion-to-dismiss stage, a plaintiff must still comply with the "plausibility" standard of *Twombly* and *Iqbal*. *Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2012); *see, e.g. Young v. CSL Plasma, Inc.*, No. 15-cv-10080, 2016 WL 1259103, at *2-*5 (E.D. Mich. 2016) (dismissing plaintiff's claims under 42 U.S.C. 1981, Title VII, and ELCRA because he could not "establish that he suffered adverse employment actions"), *affirmed by,* No. 16-1570, 2017 WL 5157230 (6th Cir. May 26, 2017) *[Ex. 6]*. As such, although Plaintiff is not required to establish a *prima facie* case at this stage, she must still allege sufficient factual content to make her discrimination and retaliation claims plausible, which includes pleading sufficient facts to show that she suffered an adverse employment action.

The Sixth Circuit has clearly ruled that placing a public employee on paid administrative leave with no loss of benefits while an investigation into suspected wrongdoing proceeds is not an adverse action with respect to claims of discrimination. *Sensabough v. Halliburton,* 937 F.3d 621 (6th Cir. 2019); *Ehrlich v. Kovack,* 710 F.App'x 646, 650 (6th Cir. 2017); *Harris v. Detroit Pub. Schools,* 245 F. App'x 437, 443 (6th Cir. 2007) and *Peltier v. United States,* 388 F.3d 984, 988-89 (6th Cir. 2004). Here, while Plaintiff alleges Defendants "prohibited" her from returning to work after her medical leave of absence ended, this does not constitute an adverse action. Plaintiff remains employed by the SDCH, with pay and

6

full benefits, while on administrative leave pending investigation into her suspected wrongdoing. Plaintiff makes no allegation that she has lost employment benefits while on paid leave and her relief requested underscores that she is, in fact, still receiving her pay and benefits.

Although Plaintiff argues that Defendants also subjected her to other adverse employment actions; namely, awarding another person her job title, initiating an investigation into her alleged misconduct and publicly announcing it[4], removing her personal possessions form her office and placing them in a box outside her office door, and publishing allegedly defamatory statements, these actions do not constitute adverse employment actions.

Indeed, for Plaintiff to have suffered an adverse action as a matter of law, she must have sustained a "materially adverse change *in the terms or conditions of employment* because of the employer's actions." *Kuhn v. Washtenaw Cnty.,* 709 F.3d 612, 625 (6th Cir. 2013) (emphasis added) (citing *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007)). A "bruised ego" or a "mere inconvenience or an alteration of job responsibilities" is not sufficient to constitute an adverse employment action. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797

---

[4] On January 24, 2022, the President of the Board issued a letter to the Hamtramck Community advising that Plaintiff was going to remain on leave until further notice and that Mr. Nagi would continue to serve as Interim Superintendent. The letter did not refer to any investigation into Plaintiff's misconduct. *[Ex. 4].*

(6th Cir. 2004) (en banc), *aff'd*, 548 U.S. 53 (2006). Adverse employment actions are typically marked by a "significant change in employment status," including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 798 (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998)).

None of the actions cited by Plaintiff have significantly changed her employment status. *See e.g. Agrawal v. Univ. of Cincinnati,* 977 F. Supp. 2d 800, 823 (S.D. Ohio 2013), *aff'd in part*, *rev'd in part on other grounds and remanded sub nom. Agrawal v. Montemagno,* 574 F. App'x 570 (6th Cir. 2014) (finding transfer of professors' office space and reduction in laboratory space were not materially adverse actions to establish *prima facie* case of national origin and race discrimination); *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d at 594 (holding requirement that plaintiff turn in her laptop computer while on paid administrative leave does not constitute a materially adverse action).

Plaintiff confuses her personal dissatisfaction with the consequences of her administrative leave with the legal requirement that Defendants take actions that materially alter the conditions of her employment. Defendants have not breached Plaintiff's employment contract where she remains employed on paid leave with benefits. Because Plaintiff has failed to show that she suffered an adverse employment action, she has failed to state a plausible claim for discrimination and

8

retaliation on the basis of her disability under the ADA, Rehab Act, PWDCRA, and on the basis of her sex and national origin under Title VII and the ELCRA. Accordingly, Counts I-IX fail as a matter of law.[5]

### A.   Plaintiff's Complaint Fails to Allege Facts Establishing a Causal Connection Between Protected Activity and Alleged Retaliation

Even if this Court considers placement on paid administrative leave an adverse action with respect to Plaintiff's claims of *retaliation* only, Plaintiff still fails to state a claim for retaliation. To establish retaliation under Title VII, ADA, PWDCRA, or the Rehab Act, Plaintiff must show that: 1) she engaged in activity protected by one of those statutes; 2) this exercise of protected rights was known to Defendants; 3) Defendants thereafter took an adverse employment action against Plaintiff, or Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and 4) there was a causal connection between the protected activity and the adverse employment action or harassment.  *Johnson*, 215 F.3d at 578; *Hurtt v. Int'l Servs., Inc.*, 627 Fed. Appx. 414, 422 (6th Cir. 2015).

---

[5] Plaintiff also pleads no facts to support her allegation that she expererienced "severe emotional distress." The only fact alleged to support emotional distress is "stress" suffered during the COVID-19 pandemic, but she admits this stress was not specifc to her or a result of the actions taken against her, but rather stress "all educators suffered" during the pandemic. Plaintiff's perfunctory conclusions and inability to plausibly establish damages that merit relief mandates dismissal of her discrimination claims. *See e.g. Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000) (plaintiff must allege sufficient factual content to make a claim for relief plausible).

With respect to Count V, the facts of Plaintiff's Complaint fail to establish a causal connection between Plaintiff's EEOC Charge and the retaliation alleged in Count V. Plaintiff filed her EEOC Charge on January 4, 2022, which was one day after Defendants advised Plaintiff she was to remain on leave with pay and benefits and months after Plaintiff alleges interim acting supervisors were announced, she was instructed to pick up her belongings, and alleged defamatory statements were made. *[ECF No. 1, Page.ID 8-14, ¶¶ 37, 41, 43-45, 47]*. It is axiomatic that Plaintiff cannot plausibly establish a causal connection between the filing of her EEOC Charge and the retaliation alleged in Count V when the EEOC Charge was filed after Defendants made the decision to investigate her and place her on paid leave.

With respect to Count IV, Plaintiff's complaint fails to describe the specific conduct Plaintiff opposed. She also fails to describe *how* Defendants "conspired" or "retaliated" against her and instead offers a mere conclusory allegation. *[ECF No. 1, PageID.22 ¶ 70]*. To the extent the actions alleged in Paragraph 37 are construed as retaliatory actions applicable to this cause of action, the majority of these actions are alleged to have been taken against other employees or Union members as opposed to Plaintiff. Of the actions that may apply to Plaintiff, these do not constitute adverse employment actions. *White*, 364 F.3d at 797 (a "bruised ego" or a "mere inconvenience or an alteration of job responsibilities" is not sufficient to constitute an adverse employment action). Plaintiff also fails to allege facts establishing a

10

causal connection between these actions and Plaintiff's protected activity. *See Johnson*, 215 F.3d at 578.

### III. PLAINTIFF CANNOT ESTABLISH A VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES OR MICHIGAN CONSTITUTION

Plaintiff claims a constitutionally protected property interest in her employment contract with the SDCH, which includes her right to be employed as the Superintendent of SDCH and her right to act as the Hamtramck Schools Chief Administrative Officer, and that Defendants deprived Plaintiff of this property right without due process. Plaintiff does not describe with any specificity how Defendants deprived Plaintiff of this property right and merely states she was deprived of these property rights "in the manner described in this Complaint." *[ECF No. 1, PageID.31-33, ¶¶ 101, 109]*. Plaintiff's Complaint does not establish due process violations under federal or Michigan law.

#### A. Because Plaintiff Was Placed on Administrative Leave With Pay, She Was Not Entitled to Any Particular Due Process

Regardless of whether Plaintiff had a property interest in her employment contract, Plaintiff was not entitled to any particular due process given her placement on administrative leave with pay. In *Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1990)*, the Sixth Circuit underscored that "the suspension of [even] a tenured public employee *with pay* . . . avoid[s] due process problems entirely." *Jackson, abrogated on other grounds,* 194 F.3d 737, 749 (6th Cir. 1999) (citing *Cleveland*

11

*Bd. Of Educ v. Loudermill*, 470 U.S. 532, 544-55 (1985)). When the State "imposes a lighter penalty, such as a suspension, a post-deprivation hearing or a combination of pre- and post-deprivation safeguards may suffice." *Gilbert v. Homar*, 520 U.S. 924, 932 (1997). In fact, the Supreme Court has "assiduously avoided insisting on pre-deprivation process, especially for suspended employees as opposed to fired ones." *Cunningham v. Blackwell*, 41 F.4th 530, 536 (6th Cir. 2022); *see also Kaplan v. Univ. of Louisville*, 10 F.4th 569, 581–84 (6th Cir. 2021), *rehearing en banc denied* (2021) (tenured professor did not suffer a due process violation when the University put him on paid leave while investigating him without providing a pre-deprivation hearing).

Accordingly, because Plaintiff was placed on paid administrative leave, she was not entitled to any particular due process – regardless of whether she had a property interest in her employment.[6] Although Plaintiff alleges she was "prohibited" from returning to work, directed to return certain items to the SDCH while on paid leave, and asked to collect her personal effects from her office while

---

[6] Typically, analysis of a public employee's procedural due process claim involves two steps: establishing whether they have a property interest in their positions, and determining what process, if any, is due them. *Smith v. Jefferson Cnty. Bd. Of Sch. Comm'rs.*, 641 F.3d 197, 216 (6th Cir. 2011). Property interests are not created by the Constitution; courts must look to "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972). Here, Defendants have not addressed whether Plaintiff has a property interest as there are no due process issues given her paid leave.

on paid leave, Plaintiff admits she remains employed by SDCH and is merely undergoing investigation for alleged misconduct. She cannot establish a due process violation under these circumstances. Counts X and XI should be dismissed.[7]

### B. Defendants Are Entitled to Qualified Immunity With Respect to Alleged Due Process Violations of the United States Constitution

To overcome the defense of qualified immunity, Plaintiff must prove the following: (1) that the school administrators violated the plaintiff's constitutional rights and (2) that they violated clearly established law in doing so. *Ortega v. U.S. Immigr. & Customs Enf't*, 737 F.3d 435, 438 (6th Cir. 2013). In *Cunningham v. Blackwell*, 41 F.4th 530, 536-37 (6th Cir. 2022), the Sixth Circuit analyzed how plaintiff's due process claim failed to satisfy the violation of clearly established rights. The Court held,

> Even if we assume for the sake of argument that the professors had a property interest in their clinical duties, the College administrators did not violate any clearly established due process right when they suspended the professors from working in the clinic and allowed them to continue working in their other roles. . . . To put all of this in the language of legal doctrine, the government's interest was substantial, the impact on the professors was real but less serious than a true dismissal, and the administrators employed reasonably rigorous procedures. We cannot say that the administrators clearly provided inadequate process.

---

[7] *Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 448 (6th Cir. 2022) ("[T]he due process provisions of the Michigan and United States Constitutions 'are often interpreted coextensively.")

13

Likewise, even assuming Plaintiff held a property interest in her employment contract with the SDCH, Defendants did not violate any clearly established due process right when they suspended Plaintiff from returning to work at the end of her medical leave, but continued to provide her with full pay and benefits. Similar to the facts of *Cunningham*, the school district's interest was substantial in investigating Plaintiff's alleged misconduct, the impact on plaintiff was far less serious than a true dismissal or breach of contract, and the Defendants employed reasonably rigorous procedures. As such, Defendants are entitled to qualified immunity with respect to Plaintiff's claims of alleged federal due process violations.

## IV.   PLAINTIFF HAS FAILED TO ESTABLISH INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Plaintiff alleges "the School Board Defendants and the Teachers Union intentionally and improperly interfered with Mrs. Ahmed's employment contract with the Hamtramck Schools in the manner described in this Complaint." However, Plaintiff's Complaint pleads no facts to support this conclusion.

In Michigan, the elements of a claim for tortious interference with contract are "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Interquim, S.A. v. Berg Imports, LLC,* 2022 WL 790802, at *6 (E.D. Mich., 2022) *[Ex. 7]* (citing *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 706 N.W.2d 843, 848-49 (2005)).

14

Here, Plaintiff's complaint lacks sufficient factual matter to establish the second element of a claim for interference with contractual relations – breach of contract. She supports her conclusory assertion that interference has occurred only by referring to facts "described in this Complaint." Viewing the facts as described by Plaintiff, Plaintiff's employment contract provides that she would be employed as Superintendent from July 1, 2021 to June 30, 2024, she would be the Hamtramck Schools' Chief Administrative Officer, and she would not be terminated except for just cause. *[ECF No. 1, PageID.33-34, ¶ 111(A)-(C)]*. Plaintiff has not identified any facts to allow this Court to draw the "reasonable inference" that Defendants breached these contract terms. Plaintiff admits she remains employed by the SDCH and that the SDCH is merely investigating her while she is on paid leave with full benefits. *[ECF No. 1, PageID.14, ¶ 47; Ex. 3]*. Accordingly, Plaintiff has failed to state a claim for interference with contractual relations and Count XII should be dismissed.

## V.   PLAINTIFF HAS FAILED TO STATE A CLAIM OF DEFAMATION

Plaintiff has failed to state a claim for defamation on which relief may be granted. Under Michigan law, "[a] plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M. Cooley Law Sch. v. Doe*, 300 Mich. App. 245, 833 N.W.2d 331, 341 (2013). In fact, with respect to defamation through written

15

word (libel), the "very words of the libel" must be set out in declaration of the complaint to sufficiently state a claim. *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich. App. 48, 53, 495 N.W.2d 392, 395 (1992).

A defamation claim cannot be premised upon "'loose, figurative, or hyperbolic language which would negate the impression that the writer was seriously maintaining' an assertion of fact." *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 597 (6th Cir. 2013) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20-21 (1990)). "[A] statement ... which does not contain a provably false factual connotation" also is not actionable. *Milkovich*, 497 U.S. at 20, 110 S.Ct. 2695. Here, while the alleged defamatory words may be construed as opinions critical of Plaintiff's performance, one cannot prove or disprove whether the schools were "going backward" and "chaotic under her leadership" or whether her professional decisions were "inconsistent." This specific language is "loose" and "figurative" and fails to express a fact regarding Plaintiff's performance.

Both Federal and Michigan courts have dismissed defamation complaints for failure to state a claim where the plaintiff's complaint failed to identify actionable objective statements of fact or otherwise failed to plead the defamatory statements with specificity. *See e.g. Adamo Demolition Co. v. Int'l Union of Operating Engineers Loc. 150*, 439 F. Supp. 3d 933, 946 (E.D. Mich. 2020), *aff'd sub nom; Adamo Demolition Co. v. Int'l Union of Operating Engineers Loc. 150, AFL-CIO*, 3

16

F.4th 866 (6th Cir. 2021) (granting defendant's motion to dismiss where plaintiff's complaint identifies only two alleged defamatory statements to "stop work" and "get off the machines" which were not actionable objective statements of fact); *Fisher v. Detroit Free Press, Inc.,* 158 Mich. App. 409, 413, 404 N.W.2d 765 (1987); *app den.* (1987) (summary disposition correct where plaintiff failed to "sufficiently plead" a "material falsehood" and where the defamatory statement consisted of an opinion and analogy); *Ledl v. Quik Pik Food Stores, Inc.,* 133 Mich. App. 583, 589–590, 349 N.W.2d 529 (1984) (affirming summary judgment where plaintiff failed to set forth with specificity the defamatory words complained of, the connection of the words with plaintiff, and the publication of the alleged defamatory words).

Recently, this Court did a careful analysis of the pleading requirement necessary to allege defamation. *Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *6 (E.D. Mich. Mar. 21, 2022) (J. Drain), *appeal dismissed*, No. 22-1226, 2022 WL 2203530 (6th Cir. May 26, 2022) *[Ex. 8]*. The Court wrote:

> 'The essentials of a cause of action for [defamation] must be stated *in the complaint*,' including allegations as to the exact language that the plaintiff contends is defamatory, the connection of the defamatory words to the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words." Contrary to FED. R. CIV. P. 8(a)(2), Plaintiff's Complaint does not contain any defamatory statements demonstrating "that the pleader is entitled to relief." The Complaint is devoid of a single statement specifying "the exact language that the plaintiff alleges to be defamatory[,]" thus, the

17

Complaint does not articulate a plausible cause of action for defamation. *Id.* (internal citations omitted).

As such, this Court granted defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff failed to do the following: provide a verbatim account of the purportedly actionable statements, attach a copy of the contested publication, identify the speaker for two of the statements at issue, and identify the specific dates when two of the statement were made. *Id.*

The *Sweigert* holding is equally applicable to this case and Plaintiff's Complaint necessitates the same conclusion. Plaintiff fails to plead with sufficient specificity the following aspects of the alleged defamatory statements: the exact words used, the speaker or writer of the alleged statements, in what context the statements were made, and the date(s) they were published. Instead, Plaintiff broadly and generically identifies the "School Board Defendants" and the "Teacher's Union" as those who "made" the alleged "materially false statements" without identifying specific, individual speakers or defendants. Plaintiff identifies only two quoted words made by the alleged unidentified speakers without providing the exact defamatory statements in full. She also fails to identify the medium used to perpetuate the defamation: slander (spoken) or libel (written).

As the superintendent of a public school district, Plaintiff is also considered a public figure and must establish that Defendants made the alleged defamatory

18

statements with "actual malice." *Reighard v. ESPN, Inc.*, 2022 WL 1513112, at *9 (Mich. App., 2022) *[Ex. 9]*; *Hope-Jackson v. Washington*, 311 Mich. App. 602 (2015) (concluding plaintiff was a public official given her position as former Superintendent of Willow Run Schools and could not prevail on a defamation claim without establishing the alleged defamatory statements were made with "actual malice"). Actual malice is a specific requirement, defined as knowledge that the published statement was false or as reckless disregard as to whether the statement was false. *Reighard, supra.* Plaintiff alleges the false statements were published with "bad faith or ill will," but does not provide any factual bases for that conclusion and also fails to address the specific "actual malice" standard.

Count IX of Plaintiff's Complaint for defamation should be dismissed as the alleged defamatory statements consist of mere opinions that are not provably false, the defamatory statements were not pled with the required specificity, and Plaintiff has alleged no facts to establish actual malice.

## VI. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CIVIL CONSPIRACY

Though neither pled as a cause of action nor factually supported anywhere in her Complaint, conspiracy is referenced throughout the "General Allegations" section of Plaintiff's Complaint, as well as in connection with violations of various civil rights statutes. Plaintiff's vague, conclusory references to "conspiracy" are insufficient to state a plausible claim for relief. Plaintiff neither pled "conspiracy"

19

as a cause of action nor identified whether she is alleging conspiracy under Michigan or federal law (42 U.S.C. § 1983). Any claim for "conspiracy" must be dismissed on these grounds alone.

Even assuming *arguendo* Plaintiff pled civil conspiracy as a cause of action, it cannot survive this motion to dismiss. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts" are insufficient to state a claim. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).

### A. Plaintiff Fails to State a Claim for Conspiracy Under Michigan Law

Under Michigan law, a "civil conspiracy" is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351 (1992); *Kerrigan v. ViSalus, Inc.*, 112 F. Supp.3d 580, 616 (E.D. Mich. 2015); *app den.* 442 Mich 917 (1993). To successfully plead conspiracy, the plaintiff must establish "some underlying tortious conduct." *Urbain v. Beierling*, 301 Mich. App. 114, 132, 835 N.W.2d 455 (2013). "A claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Kerrigan*, 112 F. Supp.3d at 616; *Barbour v. City of Detroit*, 2021 WL 5504194, at *7 (Mich. App. 2021) *[Ex.10]*.

Here, Plaintiff fails to make a plausible case that Defendants reached the type of agreement required for a civil conspiracy. Plaintiff has failed to specify which

20

individual defendants engaged in what acts of misconduct and in what manner. Instead, Plaintiff broadly states in multiple paragraphs of the Complaint that "the Hamtramck Schools, the School Board Defendants, and the Teachers' Union, conspired . . . against Mrs. Ahmed" without identifying individual names or even the positions of those who conspired. As such, she has offered no facts to make it plausible for this Court to infer that every named defendant shared in a common conspiratorial objective to engage in unlawful conduct.[8]

## B. Plaintiff Fails to State a Claim for Conspiracy Under Federal Law

Likewise, Plaintiff cannot establish a claim for civil conspiracy under 42 U.S.C. § 1983.  In *Jackson v. City of Highland Park*, 2015 WL 3409013 (May 27, 2015) *[Ex. 11],* Judge Edmunds held:

> To prevail on a §1983 conspiracy claim, a plaintiff must establish: (1) the existence of "a single plan," (2) that the defendant "shared in the general conspiratorial objection to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." . . . According to Plaintiff, "[a]s a result of [Defendants] concerted unlawful and malicious conspiracy, Defendants deprived

---

[8] Plaintiff's assertion of a civil conspiracy claim without alleging a "separate, actionable tort" also mandates the dismissal of any civil conspiracy claim under state law. Plaintiff alleges that she was "prohibited from returning to work after her medical leave of absence ended" and Defendants took "overt steps" towards the common goal of "terminating her employment," yet these actions do not constitute underlying torts. Neither is "breach of contract" considered a tortious act. *Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F. Supp. 2d 811, 815 (E.D. Mich. 2008) ("Where a plaintiff's cause of action arises from the breach of a contractual obligation, the appropriate claim is in contract, not tort.").

21

Plaintiff of both his liberty without due process of law and his right to equal protection of the laws …."  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." Plaintiff's claim suffers from a least two fatal flaws.  First, there are no facts suggesting the existence of a "single plan."  Moreover, the complaint fails to identify how Defendants' "unlawful and malicious" actions resulted in the deprivation of Plaintiff's constitutional rights. Indeed, the complaint presents nothing more than legal conclusions in this respect, but "legal conclusions need not be accepted as true," and, "the complaint must set forth 'some factual basis' for the claims asserted.'" As such, the Court must, and does, dismiss Count V.  (internal citations omitted)

Likewise, here, Plaintiff has failed to plead conspiracy with some degree of specificity. She remains employed pursuant to the terms of her employment contract while on paid leave with full benefits. As described *supra*, Plaintiff cannot establish a loss of her due process rights under these circumstances.  Plaintiff also fails to identify any facts suggesting the existence of a "single plan" or which individual defendants engaged in what acts of misconduct and in what manner. She claims that all Defendants and the Hamtramck Federation of Teachers acted in concert, yet the Complaint contains no facts to make it plausible for this Court to infer that every named defendant shared in a "general conspiratorial objective" to deprive Plaintiff of her constitutional rights.

## C. The Intra-Corporate Conspiracy Doctrine Bars Defendants' Claims

The intra-corporate conspiracy doctrine also bars any claim for civil conspiracy. Under this well-established doctrine, a corporation cannot conspire with

22

its own agents or employees. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994). If individuals are members of the same collective entity – here, the SDCH – there are not two separate "people" to form a conspiracy. *Id.* The individually named Defendants are SDCH Board members. They cannot conspire with one another, nor can they conspire with the SDCH.

Any claim of civil conspiracy, and any Causes of Action relying on an alleged conspiracy, including Counts I-IV and Counts VI-IX of Plaintiff's Complaint, must be dismissed.

## VII.   THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff's pendent state law claims must be dismissed because no federal claims will survive this Motion to Dismiss. This Court lacks jurisdiction over her state law claims. *Evans v. Univ. of Michigan Hosp.*, No. 16-10770, 2017 WL 1382295, at *4 (E.D. Mich. Apr. 14, 2017) (J. Drain) *[Ex. 12]* (Court declines to exercise its supplemental jurisdiction over plaintiff's state law claims because the Court has dismissed all claims over which it has original jurisdiction and dismisses Plaintiff's state law claims without prejudice).

## VIII.   DEFENDANTS ARE ENTITLED TO FEES AND COSTS UNDER 42 U.S.C. § 1988, 42 U.S.C. § 2000E-5(K), AND 28 U.S.C. § 1927

Defendants in the circumstances of this case should be awarded costs and attorney fees against Plaintiff and her counsel for having filed and persisted in

23

pursuing vexatious and non-meritorious claims. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421; 985 S. Ct. 694 (1978) (the court has discretion to award defendants attorneys' fees when the plaintiff's action was frivolous, unreasonable, or groundless). *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642; 194 L. Ed.2d 707 (2016) (a defendant need not prevail on the merits to be a prevailing defendant and eligible for an attorneys' fees award); 42 U.S.C. § 1988. Pursuant to 28 U.S.C. § 1927, an "attorney . . . who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Bidasaria v. Cent. Michigan Univ.*, No. 10-15079, 2012 WL 3077211, at *7 (E.D. Mich. July 30, 2012), *aff'd* (Mar. 25, 2013) *[Ex. 13]*.

On August 15, 2022, Plaintiff filed a Motion for Leave to File First Amended Complaint, but the Amended Complaint failed to cure the deficiencies of the original complaint and consisted merely of additional conclusory allegations. Plaintiff has denied concurrence in Defendants' Motion to Dismiss, which is premised on many of the same claims as the Hamtramck Federation of Teachers' Motion to Dismiss, which Plaintiff opposed, and Plaintiff has refused to narrow the issues in the case. In an attempt to preserve her frivolous claims, Plaintiff misleads the Court by not outwardly admitting she remains on paid administrative leave with full benefits and her contract remains in effect. This tactic underscores her awareness of the defects

24

in her lawsuit.  Plaintiff is aware of the deficiencies in both her original and proposed Amended Complaint and the meritless nature of her claims, but she continues to persist with this lawsuit. Defendants are entitled to attorneys' fees and costs under these circumstances.

## **CONCLUSION**

For these reasons, Defendants request that this Honorable Court grant this Motion to Dismiss, dismiss Plaintiff's Complaint in its entirety with prejudice, award Defendants their costs and attorney fees under 42 U.S.C. § 2000 e(5)(k), 42 U.S.C. § 1988, and 28 U.S.C. § 1927, and grant any other relief this Court deems equitable.  A Michigan public school district should not have to bear the costs and attorney fees for having to defend against this vexatious and non-meritorious claim.

Respectfully submitted,

CLARK HILL PLC

By: *s/ Anne-Marie Vercruysse Welch*

Date: August 26, 2022
Anne-Marie Vercruysse Welch
151 S. Old Woodward Ave. Ste. 200
Birmingham, MI 48009
(248) 988-1810
AWelch@ClarkHill.com
Attorneys for all Defendants except
Hamtramck Federation of Teachers
(AFL-CIO)

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By:  <u>*/s/ Anne-Marie Vercruysse Welch*</u>
**Anne-Marie Vercruysse Welch (P70035)**