UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JALEELAH HASSAN AHMED,<br>                 Plaintiff,<br>v.<br><br>HAMTRAMCK PUBLIC<br>SCHOOLS, *et al.*,<br>                 Defendants.<br>_____/ | Case No.: 22-11127<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING MOTION TO AMEND COMPLAINT (ECF No. 15)**

## I. PROCEDURAL HISTORY

Plaintiff Jaleelah Ahmed filed this case on May 23, 2022, alleging civil rights and common law violations against the Hamtramck Public Schools, individual school board members, and the Hamtramck Federation of Teachers AFL-CIO ("Teachers Union"). The Teachers Union moved to dismiss the complaint on June 23, 2022. (ECF No. 4). Plaintiff responded to that motion. (ECF No. 10). Then, on August 15, 2022, Plaintiff moved to amend her complaint in response to the Federation of Teachers' motion to dismiss. (ECF No. 15). The motion to amend the complaint was referred to the undersigned for hearing and determination. On August 16, 2022, the remaining defendants moved to dismiss the complaint. (ECF No. 19). The Court heard oral argument on September 27, 2022.

For the reasons below, the motion to amend the complaint is **DENIED**.

## II. BACKGROUND

### A. Plaintiff's Original Complaint Allegations

Plaintiff became Superintendent of Schools for the Hamtramck School District in 2019. Among the defendants is the Teachers Union, a bargaining representative for all teachers employed by Hamtramck Schools. Per her contract with Hamtramck Schools, Plaintiff could organize, reorganize, and arrange departments within the school system that in her judgment would best serve the district. (ECF No. 1, PageID.5).

The impetus for the dispute were the involuntary transfers of nine teachers employed by the school district. Plaintiff began the transfers to improve educational opportunities for the students during August 2020. (*Id.* at PageID.6, ¶ 25). Later that month, a popular teacher who was involuntarily transferred retired. (*Id.* at ¶ 26). As a result of the personnel decisions, Plaintiff alleges that the school board defendants and the Teachers Union demanded Plaintiff fire the Executive Director of Human Resources, who carried out the transfers. (*Id.* at ¶ 27).

In September 2021, Plaintiff transferred two more teachers, involuntarily, to accommodate a larger-than-expected number of autistic students in one of the elementary schools, in accordance with Federal and Michigan law. (*Id.* at PageID.7, ¶ 29). Contrary to legal mandates, Defendants Hamtramck Schools and

the individual school board defendants refused to permit the involuntary transfers. (*Id.* at ¶ 30). Plaintiff alleges that those teachers to be involuntarily transferred conspired with the Teachers Union and other defendants to terminate Plaintiff as Superintendent.[1] (*Id.* at ¶ 36). The conspiracy included overt acts such as posting information on the Teachers Union Facebook account and providing information to new outlets impugning Plaintiff's professional reputation and harassing Plaintiff in an effort to get her to fire the human resources executive. (*Id.* at PageID.8-11, ¶ 37(A-M).

Due the combined stress of the overt conspiratorial acts and the COVID-19 pandemic, Plaintiff's doctor advised she take a leave of absence. She duly notified the school board that she was taking a leave of absence from October 10, 2021 through January 10, 2022. (*Id.* at PageID.11, ¶ 38-40). Plaintiff later gave notice that she planned to return to work on January 3, 2022, but was notified that she was prohibited from doing so. And she was told that she was being investigated for misconduct and directed to return certain items to Hamtramck Schools and to collect her personal effects. (*Id.* at PageID.13, ¶ 43).

Plaintiff sued for violating the ADA; the Rehabilitation Act; Michigan's Persons with Disabilities Civil Rights Act; federal and state sex and national origin

---

[1] As of the date of the hearing on this motion, Plaintiff had not been terminated. She is on administrative leave with full pay and benefits.

3

discrimination; federal and state due process violations; and common law interference with contractual relations and defamation.

    B.    <u>Teachers Union's Motion to Dismiss[2]</u>

The Teachers Union makes three arguments in its motion to dismiss: (1) it is not subject to liability under the state and federal claims such as the Civil Rights Act of 1964 and the Americans with Disabilities Act because it does not employ the requisite number of persons or because it is a labor organization, not a federal or state entity; (2) Plaintiff's conspiracy claim was not pleaded with specificity, largely because she did not plead who acted on behalf of the Union, which defendants those persons interacted with, or whether they had the authority to do so; and (3) Plaintiff did not plead her defamation claim with specificity and the interference with contract claim did not include facts asserting that the Union was the cause of the decision by the board to terminate Plaintiff. (ECF No. 4).

In response, Plaintiff argues (1) the federal and state anti-discrimination laws prohibit unions from discriminating and retaliating, and the Teachers Union is a covered entity, (2) her conspiracy claim was stated with specificity in multiple paragraphs outlining overt actions (e.g., posting defamatory content and publicly blaming her for teacher retirements), and (3) her common law claims are viable

---

[2] This motion was not referred to the undersigned.

and sufficiently pleaded in the paragraphs outlining overt conspiratorial acts. (ECF No. 10).

In reply, the Union did not discuss its argument that it is not subject to anti-discrimination laws. The Union reiterated its stance that Plaintiff needed to allege who at the Union took those actions and that those actions were approved of or requested by the Union. Otherwise, the Union insists there is no claim because it does not act on its own, only through its members. The union also pressed its arguments that conspiracy, interference with contracts, and defamation were not sufficiently pleaded. (ECF No. 12).

C.  Plaintiff's Motion to Amend

Plaintiff states that she moves to amend out of an abundance of caution, but still believes that her original complaint and response to the motion to dismiss are adequate. She argues the proposed amended complaint more specifically identifies members of the Union. For example, she alleges that school board defendants told her they were acting on behalf of the Union and she was told to meet with the Union's president who "could directly articulate the message the School Board Defendants were carrying for the Teachers Union." (ECF No. 15, PageID.287).

The proposed amended complaint contains the same conspiracy allegations. This time, however, Plaintiff listed 17 Union members who were allegedly

5

involved in publishing defamatory statements to the Union's Facebook page and to local and state newspapers. (ECF No. 15, PageID.300-01, ¶ 37(A)).

The Teachers Union argues that the amended complaint does not cure the defects discussed in its motion to dismiss. For example, she did not allege that the conduct of Union members was undertaken with the approval of the Union. Instead, Plaintiff merely listed the names of 17 persons who are alleged to be members. (ECF No. 18, PageID.383). It argues that it is not liable for actions of its members unless under the approval or authorization of the Union. According to the Union, the conspiracy allegations are conclusory and conflate all defendants because she often refers to "Defendants" as having acted without identifying which person acted. (*Id.* at PageID.385-86). As for the defamation claim, the Union argues the claim is not viable because Plaintiff did not plead specifically who from the Union made the statements, to whom, or when they were made, and she did not state whether the Union authorized or approved the statements. It also asserts that the statements were opinion, not fact, and therefore not actionable. (*Id.* at PageID.387-88). The Union contends that it is not subject to suit under federal or state discrimination laws because it did not act as an employer or bargaining agent for Plaintiff. (*Id.* at PageID.388-89). Finally, the Union contends that the interference with contract claim fails because she did not explain how the Union interfered with her employment contract. (*Id.* at PageID.389).

6

The remaining defendants filed a response brief, although they recognized the amendment was meant to address the Union's motion to dismiss, not theirs. She made no changes related to these defendants. Still, they argue that Plaintiff's discrimination, due process, and interference with contracts claims should be dismissed because she remains on paid administrative leave. (ECF No. 20, PageID.645-47). They also argue that the amendment is futile because it lacks the requisite specificity for the retaliation, defamation, and conspiracy claims. (*Id.* at PageID.648-53).

Plaintiff filed a reply brief to both responses, but the reply to the remaining defendants' response adopts the reply to the Union's response; only the substantive reply is discussed here. Plaintiff contends that the Union is liable for the acts of its members by basic agency principles. The Union's assertion that it is liable only if it ratified or approved of the act is the exception to the rule in the context of certain labor disputes, such as wildcat strikes, not in cases like this. (ECF No. 21, PageID.704).

Plaintiff insists she sufficiently pleaded the conspiracy claim: the defendants conspired to (1) violate the law by prohibiting use of involuntary transfers as a bargaining tool, (2) interfere with her contract (i.e., her contractual right to manage the school district's administration), and (3) refuse to allow her to return to work after her medical leave of absence (in violation of several employment

7

discrimination statutes). She states that the school board defendants telling her they were acting on behalf of the Teachers Union and directing her to discuss the matter with the Union's president is direct evidence of the conspiracy. The public relations campaign and refusal to permit her to return to work are circumstantial evidence. (*Id.* at PageID.706-07).

As for her defamation claim, she argues that the Union's discussion about Plaintiff as a public figure is premature because is a defense. Plaintiffs need not plead around defenses.

Lastly, in her reply brief she seeks leave to amend paragraph 119 to add "malice" to her defamation claim and to amend an error in paragraph 37 so that the subparagraphs do not skip from A to E. (*Id.* at PageID.709).

### III. DISCUSSION

    A.    <u>Standard Governing Motions to Amend</u>

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "Because Rule 15(a) envisions liberal allowance of amendments to pleadings, there must be some substantial reason justifying denial of the motion." *Sun Life Assurance Co. of Canada v. Conestoga Trust Servs., LLC*, 263 F. Supp. 3d 695, 697 (E.D. Tenn. 2017) (citing *Smith v. Garden Way, Inc.*, 821 F. Supp. 1486, 1488 n. 2 (N.D. Ga. 1993)). There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the

opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The only factor in controversy is futility.[3] The remaining factors weigh in favor of allowing amendment.

B. <u>Analysis</u>

To begin, in her reply to the Union's response, Plaintiff requested leave of the Court to further amend her complaint (i.e., file a second amended complaint) to correct a formatting error in paragraph 37 of the first proposed amended complaint and to add the word "malice" to the defamation allegations at paragraph 119 of first proposed amended complaint. (ECF No. 21, PageID.709). Under this Court's Electronic Filing Policies and Procedures Rule 5(f), a motion cannot be combined with a reply. Thus, the request is improper and should not be considered. That said, the defendants addressed the request at the hearing, so they had an opportunity to respond. The proposed alteration to the defamation claim is the only substantive change; it is addressed below.[4]

---

[3] At the hearing, the Teachers Union's counsel argued that allowing amendment would prejudice his client because of the cost of having to file a motion to dismiss the amended complaint that is identical to the fist motion to dismiss. The cost of moving to dismiss an amended complaint is not a strong enough showing of prejudice to deny leave to amend.

[4] The defendants have pending motions to dismiss in which they assert that the original complaint fails to state a claim to relief against them. In deciding the motion to amend the complaint, the undersigned is careful not to touch on the subjects of those motions to dismiss. Thus, the undersigned focuses on the portions of the complaint that Plaintiff is seeking leave to

In paragraph 36, the original complaint states: "Lacking legal recourse, the teachers who were or might be involuntarily transferred and the Teachers Union conspired with the Hamtramck Schools and School Board Defendants to terminate the employment of [Plaintiff and the human recourses executive.]"  (ECF No. 1, PageID.8).  The proposed amended complaint adds a sentence:

> The existence of the conspiracy was no secret, and, in fact, the School Board Defendants: told Mrs. Ahmed they were acting on behalf of the Teachers Union in many of the various conversations described in paragraph 37 of this Complaint; and, insisted Mrs. Ahmed meet with the Teachers Union President, Mrs. Toni Coral, so Mrs. Coral could directly articulate the message the School Board Defendants were carrying for the Teachers Union.

(ECF No. 15, PageID.300).

To say that the School Board defendants were acting on behalf of the Teachers Union is not enough to attach the Union to a conspiracy.  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. . . ."[5]  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).  The allegations must be sufficient to make it plausible that the

---

amend to determine whether those proposed amendments amount to material alteration of the complaint.  If there is no material change in the complaint, then amendment would be futile, and whether the claims are sufficiently pleaded will be decided by the District Judge.

[5] There is no standalone conspiracy claim.  Plaintiff uses the conspiracy allegations as the factual basis for her claims.  Even though conspiracy is not a separate claim, her allegations of conspiracy must still be pleaded with specificity to plausibly allege that all the defendants acted towards a common goal.

Teachers Union planned certain acts with the School and School Board defendants to cause Plaintiff to act in a certain way or to be terminated.

The statement that the School Board defendants insisted that Plaintiff meet with the Union president to get a message from the Union does not establish a conspiracy, nor does it suggest a violation of federal or state law. At the hearing, Plaintiff argued that it is illegal for the Teachers Union to use personnel transfers as a bargaining tool, and suggested that this allegation is about bargaining. The amended complaint, however, contains no mention of the Union, or a person acting on the Union's behalf that attempted to use transfers as a bargaining tool with teachers (notably, Plaintiff did not allege she was a member of the Teachers Union). For these reasons, the proposed change to paragraph 36 does not materially alter the substance of the paragraph.

In the first subpart to paragraph 37, Plaintiff alleges that the School Board defendants and the Teachers Union, which she defines with a list of 17 members, "published statements stating and implying" that Plaintiff was incompetent, that the school system was going backwards and was chaotic under her leadership, and that she was responsible for teacher resignations. These statements were published on the Teachers Union's Facebook page and in The Hamtramck Review, a local newspaper. The statements were republished in two other publications. (ECF No. 15, PageID.300-01). Even so, alleging that 17 Union members made statements

11

along with School Board defendants does not establish a conspiracy between the Union and the other defendants.[6] To the extent that this allegation shows that the defendants and the Union members were in contact with each other, Plaintiff still has not shown there was a common plan or objective among all these actors. *See Blick v. Ann Arbor Sch. Dist.*, 516 F. Supp. 3d 711, 732 (E.D. Mich. 2021).

In the other nine subparts to paragraph 37, Plaintiff alleges that the School Board defendants acted "at the behest of and in concert with the Teachers Union" in taking various actions, such as demanding Plaintiff fire the human resources executive or threatening to fire Plaintiff unless she relinquished her contractual right to manage school personnel. (*Id.* at PageID.301-02). Merely alleging that some defendants acted at the behest of and in concert with the Teachers Union is conclusory and devoid of material facts establishing the Union's participation in or direction to commit those acts.

Since the additions to the complaint are insufficient to establish a conspiracy, the motion to amend the complaint is denied. As the Union argued at the hearing, there is not enough "new" in the proposed amended complaint. Amendment is futile if it does not materially change the substance of the original version.

---

[6] The undersigned acknowledges the Union's argument that it is not liable for member conduct unless the Union approved of, ordered, or ratified that conduct. However, this argument is more properly addressed in the motion to dismiss by Judge Drain.

Last to be addressed is Plaintiff's eleventh-hour request to add the word "malice" to her defamation claims.[7] In paragraph 119, she alleged that the School Board defendants and the Teachers Union published materially false statements "with bad faith or ill will" in the first proposed amended complaint. (ECF No. 15, PageID.330). In their motions to dismiss, both sets of defendants argue that the defamation claim should be dismissed because Plaintiff did not allege the specific defamatory statements nor connect the statements to specific persons. (ECF Nos. 4 and 19). Adding "malice" to the end of the claim does not materially alter the allegations or address the defendants' arguments. The motion to amend in this regard is denied. Should Plaintiff's defamation claim make it past the motions to dismiss and she still desires to add "malice," she may seek leave to amend.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which

---

[7] This would be the only change to the defamation claim in the proposed amended complaint. Plaintiff alleged in both complaints that the defendants told publications that the school was going "backward" and that Plaintiff's leadership was "chaotic," for example. (*Compare* ECF No. 1, PageID.35-36 *with* ECF No. 15, PageID.328-30).

the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 6, 2022             <u>s/Curtis Ivy, Jr.</u>
                                                          Curtis Ivy, Jr.
                                                          United States Magistrate Judge